IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 2, 2022

**IN RE ESTATE OF LINDA W. SMITH**

**Appeal from the Probate Court for Shelby County**
**No. PR016897        Karen D. Webster, Judge**

_____

**No. W2022-00052-COA-R3-CV**
_____

Appellant, Frances Diane Weeks Wright, has appealed an order of the Shelby County Probate Court (the "Trial Court") that was entered on January 3, 2022. We determine that the January 3, 2022 order does not constitute a final appealable judgment. Therefore, this Court lacks jurisdiction to consider the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KENNY ARMSTRONG, J.; ARNOLD B. GOLDIN, J.; CARMA DENNIS MCGEE, J.

Olen M. Bailey, Jr., Memphis, Tennessee; Jared W. Eastlack, Memphis, Tennessee; Matthew A. Rhoads, Memphis, Tennessee, for the appellant, Frances Diane Weeks Wright.

Steven Roberts, Collierville, Tennessee, for the appellee, William Hugh Buckingham Jr.

**MEMORANDUM OPINION[1]**

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed Appellant to show cause why this appeal should not be

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). Appellant responded to the show cause order, but failed to show that a final judgment has been entered.

Specifically, the Trial Court's January 3, 2022 order, which is the order appealed, denied Appellant's motion for a default judgment against Appellee, required Appellant to file an inventory, and assessed attorneys' fees and costs against the estate. This does not constitute a final appealable judgment under Rule 3 of the Tennessee Rules of Appellate Procedure, nor does it fall within any of the exceptions for an immediate appeal of interlocutory orders in probate cases.[2]

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc.*, 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). As the January 3, 2022 order does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. Thus, the appeal is hereby DISMISSED. Costs on appeal are taxed to Appellant, Frances Diane Weeks Wright, for which execution may issue.

PER CURIAM

---

[2] To the extent Appellant, in her response to the show cause order, asserts that this Court should review this appeal under Rule 9 or Rule 10 of the Tennessee Rules of Appellate Procedure if we determine that there is no final judgment, we decline to do so without prejudice to Appellant's ability to later file a proper application for permission to appeal on those grounds.